[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM DATED JULY 12, 1996
The defendants Peter Phelan and Edward Phelan move to strike the fourth count of the plaintiffs' revised amended complaint which sets forth a loss of consortium claim by the plaintiff wife of the decedent and seeks double or treble damages under General Statutes § 14-295. The defendants contend that a loss of consortium claim is a purely derivative claim and therefore does not constitute a "personal injury" claim for the purpose of General Statutes § 14-295.
General Statutes § 14-295 provides:
 In any civil action to recover damages resulting from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of Section 14-218a, 14-219, 14-222, 14-227a, 14-230, 14-234, 14-239 or 14-240a and that such violation was a substantial factor in causing such injury, death or damage to property. (Emphasis added.)
In making their claim, the defendants fail to address the Supreme Court ruling in Izzo v. Colonial Penn Ins. Co., 203 Conn. 305
(1987).
The issue in Izzo was whether a loss of consortium claim fell within the limits of liability for "bodily injury to one person" so as to make the "per person" limit of an insurance policy applicable to the consortium claim. The Supreme Court held that loss of consortium, although a separate cause of action, is a derivative action "inextricably attached to the claim of the injured spouse." Id., 312. The loss of consortium claim therefore was found to be within the "per person" limit of coverage because it is a loss sustained "because of bodily injury to one person."
In discussing decisions on this issue from other CT Page 5132 jurisdictions, the court noted that some insurance policies speak of "personal injury" rather than "bodily injury.' The court distinguished decisions where the policies in question used the term "physical injury" rather than "bodily injury":
 The term "personal injury" is broad enough to encompass a claim for injury which is personal to the claimant, although flowing from the physical injury of another. It has been said that the term "bodily injury," however, is narrower in that it connotes an element of personal contact . . . A claim of loss of consortium, although a "personal injury," is not a "bodily injury" to the claimant. Id., 313.
The Supreme Court having ruled that a consortium claim is a "personal injury," it is, therefore, a claim within the purview of General Statutes 14-295. See also Shabazz v. Price, 11 CONN.L.RPTR. 331, 334 (1994) (Hodgson, J.); and Ammerman v. Johnson,
15 CONN.L.RPTR. 299, 301 (1995) (Vertefeuille, J.).
The motion to strike the fourth count of the revised amended complaint dated March 22, 1996 is denied.
MCLACHLAN, J.