[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE (# 102)
This memorandum of decision addresses the defendants' motion to strike the Third, Fourth, Fifth and Sixth Counts of the plaintiff's complaint dated January 3, 2000, and the corresponding claims for relief (#102). Generally, the defendants argue that each of these Counts fails to establish a legally sufficient basis for an award of the punitive, double or treble damages the plaintiffs have solicited pursuant to principles establishing an owner's vicarious liability for the reckless operation of an automobile by an agent, or upon a statutory basis established by General Statutes General Statutes § 14-295. The court finds these matters in favor of the plaintiffs.
The plaintiffs Gary Landers and Elizabeth Landers brought this complaint against the defendants Daniel B. Schwartz and Chase Manhattan Service Corporation (Chase Manhattan). Schwartz is alleged to have operated, and Chase Manhattan is alleged to have owned, the motor vehicle CT Page 11309 that collided with the automobile operated by Gary Landers, on January 23, 1998, causing injuries and losses to be suffered by him and by his wife, Elizabeth Landers. The First Count of the complaint asserts Gary Landers's claim that Schwartz acted as Chase Manhattan's servant and agent when he negligently operated this vehicle, within the meaning of General Statutes General Statutes § 52-183. The Second Count sets forth Elizabeth Landers's claim for loss of consortium, and is derived from the First Count. The Third Count sets forth Gary Landers's common law claim that Schwartz was reckless in his operation of the vehicle, while serving as the agent and servant of Chase Manhattan, within the meaning of General Statutes § 52-183. The Fourth Count sets forth Elizabeth Landers's corollary loss of consortium claim. The plaintiffs claim "punitive damages" as a part of the relief requested in connection with the Third and Fourth Counts. In the Fifth Count, Gary Landers again asserts that Schwartz was operating the vehicle as the agent and servant of Chase Manhattan, within the meaning of General Statutes § 52-183, and he further alleges that the collision and resulting injuries and losses were proximately caused because Schwartz deliberately or with reckless disregard operated the vehicle at an unreasonable rate of speed, in violation of General Statutes General Statutes § 14-218a, or recklessly, violation of General Statutes General Statutes § 14-222. The Sixth Count sets forth Elizabeth Landers's corresponding claim for loss of consortium. Also as to the Fifth and Sixth Counts, the plaintiffs claim double or treble damages pursuant to General Statutes General Statutes § 14-295.
In considering the defendants' present arguments in support of their motion to strike, the court has heeded the applicable legal principles. "The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael, Inc.v. Sea Shell Associates, 244 Conn. 269, 270, 709 A.2d 558 (1998). "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381, 383 n. 2,650 A.2d 153 (1994); see also Ferryman v. Groton, 212 Conn. 138, 142,561 A.2d 432 (1989). When considering a defendant's motion to strike, "[tlhe court must construe the facts in the complaint most favorably to the plaintiff" (Internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp., 240 Conn. 576, 580, 693 A.2d 293 (1997). Thus, the limited role of the trial court in ruling on this motion to strike is to examine the complaint, construed in favor of the plaintiffs, and to determine whether the plaintiffs have stated a legally sufficient cause of action therein. See Napoletano v. Cigna Healthcare of Connecticut,Inc., 238 Conn. 216, 232-33, 680 A.2d 127 (1996).
As Connecticut is a "fact pleading" state, Section 10-1 of the Practice CT Page 11310 Book requires that "[e]ach pleading . . . contain a plain and concise statement of the material facts on which the pleader relies, but not of the evidence by which they are to be proved. . . ." "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Waters v. Autuori,236 Conn. 820. 825, 676 A.2d 357 (1996). "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . . What is necessarily implied [in an allegation] need not be expressly alleged." (External citation omitted; brackets in the original.) Pamela B. v. Ment, 244 Conn. 296, 308, 709 A.2d 1089 (1998).
 I THE THIRD COUNT AND PUNITIVE DAMAGES BASED ON THE THIRD COUNT — COMMON LAW RECKLESSNESS
The defendants raise three arguments in support of their motion to strike the Third Count of the complaint and the related claim for damages. First, the defendants assert that Gary Landers has no lawful basis for bringing a count based upon common law recklessness. Second, they argue that common law punitive damages are not available to a party alleging facts which constitute a violation of motor vehicle laws prohibiting excessive speed upon the highway, as the sole remedy is provided through General Statutes § 14-295.[1] Third, the defendants contend that Connecticut law does not permit a claim for punitive damages based upon vicarious liability. The court finds these issues in favor of the plaintiff.
In addressing this aspect of the defendants' arguments, the court's primary concern is whether Gary Landers has stated facts sufficient to support a claim based on common law reckless operation of a motor vehicle. See Pamela B. v. Ment, supra, 244 Conn. 308; Napoletano v. CignaHealthcare of Connecticut, supra, 238 Conn. 232-233. The principles and standards of nonstatutory reckless operation of a motor vehicle "have long been recognized at common law. See, e.g., Kowal v. Hofher,181 Conn. 355, 361-62, 436 A.2d 1 (1980). Recklessness "requires a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man,' and the actor "must recognize that his conduct involves a risk substantially greater . . . than that which is necessary to make his conduct negligent.' Begley v.Kohl Madden Printing Ink Co., 157 Conn. 445, 450-51, 254 A.2d 907
(1969), quoting 2 Restatement, Torts 500, comment g." (Quotation marks omitted in part.) Bishop v. Kelley, 206 Conn. 608, 614-15, 539 A.2d 108
(1988). CT Page 11311
In the Fourth Paragraph of the Third Count, the court finds that the plaintiff has clearly and specifically set forth facts which, if credited by the jury, would meet the elements of reckless operation of a motor vehicle, under the common law standard[2] This standard is distinguished from that established by General Statutes § 14-295, "which allows a trial court to double or treble the damages awarded by a jury in tort actions involving violations of the rules of the road," and thus implicates highway conduct limited by specific motor vehicle statutes identified in the text of § 14-295. Bishop v. Kelley, supra, 206 Conn. 608. In the Third Count of this complaint, the plaintiff has neither specified nor alleged Schwartz's violation of particular statutes which have been established to govern the operation of motor vehicles upon our highways, and which provide sanctions for violation of those statutes.[3] Rather, the plaintiff has alleged general facts from which, if proved, the jury may properly infer that Schwartz operated his vehicle under circumstances that either imputed to him "knowledge of the serious danger to others involved in it or . . . knowledge of facts which would disclose this danger to any reasonable man," while recognizing that this method, of operation must have involved a "risk substantially greater . . . than that which is necessary to make his conduct negligent"Bishop v. Kelley, supra, 206 Conn. 614-615. As the plaintiff has stated facts sufficient to legally support his cause of action, the defendants cannot prevail with this first argument. Pamela B. v. Ment, supra,244 Conn. 308.
The court next turns to the issue of whether a claim of common law recklessness presents a basis sufficient to support an award of punitive damages. Connecticut authorizes the award of punitive damages in certain common law circumstances. Succinctly stated, "where a tort is willful, wanton or malicious, the injured party may recover punitive damages which include attorney's fees." Fidelity Deposit Co. of Maryland v. Bradley, Superior Court, judicial district of Hartford, Docket No. CV94-0544726 (Dec. 22, 1997, Mulcahy, J.); see also Plikus v. Plikus, 26 Conn. App. 174,179, 599 A.2d 392 (1991). "To furnish a basis for recovery of such damages, the pleadings must allege and the evidence must show wanton or wilful malicious misconduct, and the language contained in the pleadings must be sufficiently explicit to inform the court and opposing counsel that such damages are being sought." Markey v. Santangelo, 195 Conn. 76,77, 485 A.2d 1305 (1985).
Nonetheless, the defendants contend that Gary Landers is ineligible to recover common law punitive damages, even should he prove that Schwartz operated the vehicle in a reckless manner according to the common law standard, because the legislature has established a specific measure of damages through General Statutes § 14-295. In support of this aspect of their claim, the defendants largely rely upon Koennicke v. Maiorano, CT Page 1131243 Conn. App. 1, 31-32, 682 A.2d 1046 (1996). Under the circumstances of the Third Count, as drafted in the complaint at issue, however, the court finds this case to carry little weight.
Koennicke v. Maiorano construed the effect of General Statutes General Statutes § 52-560, which provides damages for the cutting of trees belonging to another.[4] The statute imposes direct liability upon one who so deprives another of his woody growths, without proof of the purloiner's state of mind. However, General Statutes § 52-560 contains an express provision for the mitigation of the assigned damages, upon proof that the defendant had acted under an "honest mistake and belief' he had a lawful ownership interest in the property at issue. The Appellate Court determined that a party bringing an action under General Statutes § 52-560, to recover damages caused by the cutting of trees, is limited to an award calculated according to the statutory scheme, without specific inclusion of attorney's fees, which are not referenced in the legislation. Koennicke v. Maiorano, supra, 43 Conn. App. 31-32. The statutory calculus contains specific enhancement for damages where warranted by the demonstrated "culpability aspect of the defendant's conduct" in taking the trees of another. Id., 29-30. Thus, Koennicke v. Maiorano affirms that unless culpability is proved, under the specific terms of General Statutes § 52-560 the victim of unauthorized cutting of trees and other specimens would only be entitled to actual, rather than treble or quintuple damages, pursuant to General Statutes §52-560. Id., 30.
The court well recognizes that Koennicke v. Maiorano thus supports the proposition that in an action based upon the principles of General Statutes § 14-295, a plaintiff may collect only those damages designated by the statute, and no additional punitive damages or attorneys fees. However, through Koennicke v. Maiorano or otherwise, the defendants have failed to establish a reasonable basis for concluding that in the Third Count of the instant complaint, which sets forth an action which is not based upon a statutory principle of liability which contains a legislatively created damage calculus, common law principles of punitive damages must be disregarded by the court and denied to an injured plaintiff.
Rather, the court finds that, under Connecticut law, common law punitive damages are fairly and appropriately assigned in response to proof of the wrongs set forth in the Third Count of this complaint. As discussed above, "[t]he rules in this state regarding the award of common law punitive damages are well established. Punitive damages are awarded when the evidence shows a reckless indifference to the rights of others or an intentional and wanton violation of those rights . . . If awarded, they are restricted to cost of litigation less taxable costs of the CT Page 11313 action being tried . . . Alauno v. Royer, 188 Conn. 36, 42, 448 A.2d 207
(1982). "T]he extent to which exemplary damages are to be awarded ordinarily rests in the discretion of the trier of the facts.' Gionfriddov. Avis Rent A Car System, Inc., 192 Conn. 280, 295, 472 A.2d 306
(1984)." (Text as in the original; quotation marks and internal citations omitted.) Kenny v. Civil Service Commission, 197 Conn. 270, 277,496 A.2d 956 (1985). "Under the traditional common law rule, punitive damages are awarded when the evidence shows a reckless indifference to the rights of others or an intentional or wanton violation of those rights. That same common law restricts them to the costs of litigation including attorney's fees less taxable costs. Champagne v.Raybestos-Manhattan, Inc., 212 Conn. 509, 532, 562 A.2d 1100 (1989)."Lenz. v. CNA Assurance Co., 42 Conn. Sup. 514, 515. 630 A.2d 1082
(1993); see also Markey v. Santangelo, 195 Conn. 77. As the pleadings, through the prayer for relief, explicitly inform the defendants that such damages are being sought, an appropriately restricted award of punitive damages should be allowed to Gary Landers response to his common law claims, should he meet his burden of proof at trial.[5]
The defendants' third claim is that Connecticut's common law would not support an award for punitive or exemplary damages in a case based upon vicarious liability.[6] The defendants specifically cite a vintage Supreme Court opinion, Maisenbacker v. Society Concordia, 71 Conn. 369,379, 42 A. 67 (1899) as their sole authority for reliance upon the "long-standing rule that there is no vicarious liability for punitive or exemplary damages." Defendants' Memorandum in Support of Motion to Strike, dated March 16, 2000. Noting the Third Count's allegations of statutorily presumed agency based upon General Statutes § 52-183, however, the court is not persuaded that the principles of Maisenbackerv. Society Concordia are apposite to this case.[7]
Under the circumstances of statutorily based vicarious responsibility as thus set forth pursuant to General Statutes § 52-183, the court finds that the Third Count of the complaint alleges a legally sufficient basis for the jury's consideration of an award of punitive damages.[8]
This position is supported by the language and tenor of Gionfriddo v.Avis Rent A Car System, Inc., supra. Gionfriddo arose from a wrongful death action brought against the intoxicated operator of a motor vehicle, who drove "in a heinous, wilful and reckless manner," causing the fatal injuries at issue. Gionfriddo v. Avis Rent A Car System, Inc., supra, 192 Conn. 282. In that action, the plaintiff also had named as defendants Avis Rent A Car System, Inc., the lessor of the vehicle at issue, as well as its owner, Chrysler Leasing Corporation. Id. The jury awarded compensatory damages against all three defendants based on the First Count of the complaint; exemplary damages based on the Second Count. The third count, which had been brought pursuant to General CT Page 11314 Statutes § 14-295, was tried to the court (O'Neill, J.), and resulted in an award of treble damages. Id., and 283 n. 2. The corporate defendants unsuccessfully appealed from the verdict on the Third Count.
In Gionfriddo, the Supreme Court explicated the relationship between General Statutes § 14-295 and General Statutes § 14-154a.[9] In so doing, the court expressly "recognized that the statutory mandate of14-154a imposes liability to a significantly greater extent than vicarious liability at common law." Gionfriddo v. Avis Rent A CarSystem, Inc., supra, 192 Conn. 288. Similarly, the statutory presumption of agency. established through General Statutes § 52-183, may be seen to increase the scope of liability to be imposed upon the owner of a motor vehicle, pursuant to the common law principles of respondeat superior, unless and until the statutory presumption of ownership has been successfully rebutted through evidence produced at trial. As cogently observed by Judge Sheedy, the clear purpose of General Statutes § 52-183, akin to the clear purpose of General Statutes § 14-154a, is to expose the owner of a motor vehicle to the same nature and extent of obligation to pay damages as is the operator of the motor vehicle in question, unless agency is rebutted.[10] McCarthy v. Yantoro, Superior Court, judicial district of Litchfield, Docket No. CV99-0078474 (Aug. 18, 1999, Sheedy, J.).
As noted by the defendant, General Statutes § 52-183 establishes an evidentiary presumption in favor of Gary Landers, subject to rebuttal by the defendants. Section 52-183 does not create a statutory basis for the strict liability of a rental car owner, as does General Statutes General Statutes § 14-154a, nor does it provide a method for measuring an award of damages in an action based upon a violation of a motor vehicle statute, as does General Statutes § 14-295. In the absence of any specific factual application of Maisenbacker v. Concordia, supra, rendered during the nineteenth century when automobile use was more limited than it is today, and in the presence of thecomplaint's allegations of presumptive agency based upon General Statutes § 52-183, the court is persuaded that the Third Count of the complaint alleges a legally sufficient a basis for the jury's consideration of an award of punitive damages.[11]
It is important to emphasize that the burden of proving eligibility for common law punitive damages is weighty, and not lightened by the defendants' positions relative to General Statutes § 52-183. "To furnish a basis for recovery of [punitive] damages, the pleadings must allege and the evidence must show wanton or wilful malicious misconduct, and the language contained in the pleadings must be sufficiently explicit to inform the court and opposing counsel that such damages are being sought. . . . Wanton misconduct is reckless misconduct. . . . It is such CT Page 11315 conduct as indicates a reckless disregard of the rights or safety of others or of the consequences of the action. . . ." (Citations and quotation marks omitted; brackets in the original.) Seymour v. Carcia,24 Conn. App. 446, 451, 589 A.2d 7 (1991), affirmed, 221 Conn. 473,604 A.2d 1304 (1992).
According to the Third Count of the complaint and the relevant portion of the prayer for relief, the plaintiff apparently is willing to undertake this heavy burden. In the context of this motion to strike, and in evaluating the sufficiency of Gary Landers's allegations on the subject of recklessness, as raised in the Third Count, the court is mindful of its obligation to "construe the facts in the complaint most favorably to the plaintiff" Faulkner v. United Technologies Corp., supra, 240 Conn. 580. Having concluded that the language of General Statutes § 52-183 is most reasonably interpreted as evincing a legislative intent to make a car owner liable for whatever damages are assessed to the defendants, the court further determines that the facts set forth in the Third Count are sufficient to support both the plaintiff's cause of action based on common law recklessness, and the claim for punitive damages. Seymour v. Carcia, 24 Conn. App. 446, 451. See also McCarthy v. Yantoro, supra. Accordingly, the defendants' motion to strike the Third Count and the corresponding prayer for relief is denied.
 II MOTION TO STRIKE THE FIFTH COUNT
The defendants raise two arguments in support of their motion to strike the Fifth Count of the complaint. First, the defendants claim that although the Count is ostensibly founded upon the principles underlying General Statutes § 14-295, the plaintiff has failed to allege facts sufficient to state a valid claim pursuant to the statute. Second, the defendants assert that a cause of action brought under General Statutes § 14-295 will not support vicarious liability. The court finds these issues in favor of the plaintiffs.
While Superior Court decisions continue to reflect divergent positions on the nature or extent of factual statements requisite for a valid complaint based upon General Statutes § 14-295, our appellate level courts have not yet been called upon to resolve the issue.[12] Judge Sheldon provided a most persuasive analysis of the fundamental basis for the conflict in Superior Court decisions, and developed the logical means of resolving this conflict, through his opinion in Armstrong v. Smith, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. CV 94-0533947S (December 2, 1994, Sheldon, J.). This court CT Page 11316 believes that Armstrong v. Smith reflects the appropriate perspective from which the trial judges should assess the sufficiency of facts necessary to proper statement of a claim under General Statutes §14-295, notwithstanding the defendants' preference for the result noted in a more recent Superior Court ruling.[13]
In Armstrong v. Smith, supra, the court thoroughly examined the legislative history related to General Statutes § 14-295 and also considered P.A. 88-299's substantial revision of this section. Judge Sheldon sagely concluded that, without question, the drafters of the current version of General Statutes § 14-295 intended to restrict the availability of double or treble damages to only the most serious violations of the state's motor vehicle laws, those enumerated in the amended statute. The text of the statute thus was found to mirror the legislature's requirement that any person seeking treble damages must both specifically plead and prove that a defendant, in violating the underlying motor vehicle offense, did so either deliberately or with reckless disregard. It is the pleading and proof, then, of the defendant's state of mind which triggers the application of General Statutes § 14-295. As Judge Sheldon noted in Armstrong v. Smith, supra, commenting about the category of motor vehicle offenders whose torts the legislature specifically addressed through General Statutes § 14-295: "The distinguishing factors about their behavior which makes them worthy of such special sanctions is plainly the deliberation or reckless disregard of others with which they act. By pleading, and thus committing herself to proving, this critical mental element, the plaintiff has pleaded all the law requires to ensure that the statute will be strictly enforced according to its terms."
Upon review of the Fifth Count of the complaint, this court notes that the plaintiff has, indeed, set forth facts and committed himself to proving "critical mental element" related to Schwartz's operation of the Chase Manhattan vehicle in violation of Statutes General Statutes §14-218a and/or General Statutes § 14-222. See Armstrong v. Smith, supra. Specifically, the plaintiff has pleaded that the alleged the accident and resulting injuries were proximately caused by the actions of Schwartz, who deliberately or with reckless disregard operated the Chase Manhattan vehicle in violation of the two motor vehicle statutes noted above, each within the purview of General Statutes § 14-295. Paragraphs 1, 2, and 4 of the Third Count, incorporated into the Fifth Count, provide a detailed description of both the conduct claimed to constitute the statutory violation(s) and the reasons why that conduct is claimed to have been engaged in by Schwartz with reckless disregard of the consequences.[14] If the allegations of the Fifth Count are proved at trial, the jury will be well justified in awarding the plaintiff treble damages, as contemplated by the legislature through its enactment CT Page 11317 of General Statutes § 14-295. Since plaintiffs pleading in the Fifth Count satisfies these requirements, the defendants cannot prevail on aspect of their motion to strike. See Hamblett v. Chagnon, et al, Superior Court, judicial district of New London, Docket No. 114548 (March 18, 1999, Mihalokos, J.) (adopting the reasoning of those "cases which require only that a plaintiff allege a statutory violation enumerated in General Statutes § 14-295, and that the violation was a substantial factor in causing the plaintiff's injuries).
In arguing their motion to strike the Fifth Count, the defendants further claim that an action brought pursuant to General Statutes §14-295 will not support General Statutes § award of double or treble damages against the owner of a vehicle driven in violation of one or more of the identified motor vehicle statutes. Incorporating Paragraph 3 of the Third Count,[15] the Fifth Count also alleges that Schwartz, as the operator, was the agent and servant of the defendant Chase Manhattan. As noted by the parties to this action, while the Superior Courts have divergent opinions on the subject of imposing vicarious liability for double or treble damages upon a vehicle owner whose agent or servant caused an accident in violation of the statutes listed in General Statutes § 14-295, the appellate level courts have not yet specifically resolved the question.
Addressing this issue, a number of trial courts have determined that the owner or employer of such an agent or servant may indeed be held liable for double or treble damages pursuant to General Statutes §14-295. See, e.g., Provenzano v. Ryder Truck Rental, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. CV98 035 24 31 (Dec. 9, 1999, Skolnick, J.); Prezioso v. Greater BridgeportTransit Authority, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 333757 (December 24, 1997, Skolnick, J.);Rodrigues v. Woodland, Superior Court. judicial district of Hartford/New Britain at Hartford, Docket No. 322890 (November 4, 1987, Hale, J.); see also Rosado v. Choiniere, Superior Court, judicial district of New Haven at Meriden, Docket No. 259352 (February 19, 1998, Levine, J.) (specifically construing General Statutes § 14-295 in conjunction with General Statutes § 52-183, which creates a presumption that the driver is an agent of the vehicle owner). Other courts have ruled to the contrary, however, and have declined to approve claims that an employer or owner should be held liable, vicariously, for double or treble damages pursuant to General Statutes § 14-295. See e.g., Carta v. Cohn, Superior Court, judicial district of New Haven at Meriden, Docket No. 262531 (Jan. 12, 1999, Dorsey, J.T.R.); Robinson v. McWeeney, Superior Court, judicial district of New Haven at New Haven, Docket No. 379968 (April 23, 1996, Corradino, J.); Cunningham v. Langlois, Superior Court, judicial district of Tolland at Rockville, Docket No. 47976 (Oct. 1, CT Page 11318 1991, McWeeny, J.); Byrnes v. General Oil Co. of Hanford, Superior Court, judicial district of Tolland at Tolland, Docket No. 44645 (Jan. 23, 1991, Dunn, J.) (operator noted to have been acting outside the scope of his employment at the time the accident occurred).
On close review, a number of the Superior Court decisions which deny double or treble damages under General Statutes § 14-295 appear to be premised upon the notion that allowing such an award against the owner or employer of a vehicle operator would constitute an abrogation of the common law prohibition against the award of punitive damages for vicarious liability. Such decisions fail, however, to note the clear distinction between common law punitive damages and damages such as are permitted by the statute. See Caulfield v. Amica Mutual Ins. Co., supra,31 Conn. App. 786 n. 3.[16] Hence, it is appropriate for the trial court to analyze General Statutes § 14-295 independently, on its own terms, rather than merely to regard the statute as an abrogation of the common law. Provenzano v. Ryder Truck Rental, Inc., supra.
As noted, General Statutes § 14-295, by its plain language, applies to "any civil action to recover damages resulting from personal injury, wrongful death or damage to property . . . if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section 14-218a . . . [or] 14-222. . . . and that such violation was a substantial factor in causing such injury, death or damage to property." General Statutes General Statutes § 14-295. The plaintiffs allegations in the Fifth Count thus meet the plain language requirements of the statute. Moreover, as noted, the plaintiff has incorporated into the Fifth Count an express allegation of agency, pursuant to General Statutes § 52-183. Neither the text nor the terms of General Statutes § 14-295 require that the means of establishing agency have any impact upon the court's analysis of a principal's liability for double or treble damages under this statute. Provenzano v. Ryder Truck Rental, Inc., supra. Here, the court concludes that the plain language of General Statutes § 14-295, coupled with the remedial social purposes of this statute, expose an owner or master to liability for double or treble damages, where the plaintiff has complied with the pleading constrictions of the statute, and where the evidence establishes the reckless statutory violations of the ostensible agent or servant in operation of the motor vehicle at issue. As this final aspect of the defendants' argument also fails, the court must deny the defendants' motion to strike the Fifth Count of the plaintiff's complaint.
 III MOTION TO STRIKE THE FOURTH AND SIXTH COUNTS
CT Page 11319
The defendants present two arguments in support of their motion to strike the Fourth and Sixth Counts of the complaint, which contain allegations of lost spousal consortium. The defendants first claim that neither common law punitive damages, nor double or treble damages pursuant to General Statutes § 14-295, are applicable in a count based on loss of consortium. The defendants' second argument rests on their previously asserted claim that the Third and Fifth Counts are legally inadequate. In response, Elizabeth Landers asserts that her claims for loss of consortium are legally sufficient. The court finds these issues in favor of the plaintiff
Again, our appellate level courts have not yet specifically articulated the standard of law which governs the applicability of punitive or statutory damages to loss of consortium claims based either on common law recklessness or accessed through General Statutes § 14-295. At the Superior Court level, a split of opinion persists as to whether double and treble damages are appropriate in consortium claims derived from General Statutes § 14-295.[17] "In one line of cases, the courts have denied relief pursuant to General Statutes § 14-295 for loss of consortium claims, determining that the derivative claim of loss of consortium is not a personal injury as anticipated by the statute, that it is not specifically provided for in the statute, and that relief under the statute therefore, is not available. . . . Other courts have followed the Supreme Court's holding in Izzo v. Colonial Penn Ins. Co.,203 Conn. 305, 313, 524 A.2d 641 (1987), where the court found that loss of consortium constituted a personal in . . . . . .These courts have found that loss of consortium. . . constitutes a "personal injury' within the strictures of General Statutes General Statutes § 14-295."Giampietro v. McGinley, Superior Court, judicial district of New Haven, Docket No. CV97-040311 (June 23, 1998, Moran, J.)[18]
This court acknowledges the well-reasoned premise of those cases which rely on Izzo v. Colonial Penn Ins. Co., supra, and similarly concludes that a loss of consortium claim is based upon a distinct "personal injury", notwithstanding the fact that no direct physical injuries flow to the spouse as the result of the negligent acts which harmed the partner-spouse. Using this analysis of the operative term, the text of General Statues § Sec. 14-295 clearly authorizes the trier of fact to award double or treble damages "[i]n any civil action to -recover damages resulting from personal injury", so long as that injury resulted from the operation of a motor vehicle in deliberate violation or with reckless disregard of one of the statutes enumerated therein, and that such violation or disregard was a substantial factor in causing this injury." (Emphasis added.) Connecticut has long recognized that a claim for loss of consortium exists as a viable cause of action which, although CT Page 11320 derivative by its very nature, serves to provide separate and measurable damages for the spouse of the individual who suffered physicial harm as the result of the tortfeasor's negligence. See Champagne v.Raybestos-Manhattan, Inc., 212 Conn. 509, 563-64, 562 A.2d 1100 (1989) (claims for loss of consortium and spousal punitive damages sustained in a common law action based on strict product liability); Hopson v. St.Mary's "s Hospital, 176 Conn. 485, 492-93, 408 A.2d 260 (1979).
In a factual context such as that presented through the allegations of the complaint at issue here, the conduct of Schwartz, the putative tortfeasor, is easily identified as being a substantial factor in causing both direct "personal injury" to Gary Landers and indirect "personal injury" caused to Elizabeth Landers through lost consortium. The defendants have failed to establish the existence of any "logical or conceptual barrier to the imposition of [statutory double or treble] damages on a consortium Count, especially because the nature of the defendant's conduct was a wrong not only to the [victim] . . . but also to his . . . spouse." Champagne v. Raybestos-Manhattan, Inc., supra,212 Conn. 564-65. Where, as in this case, the plaintiff Elizabeth Landers has sufficiently pleaded facts establishing that her loss of consortium claim derives from the application of General Statutes § 14-295 to the claim brought by her husband, Gary Landers, this court finds that there is no barrier to the demand and imposition of such double or treble damages for her losses, as well as for his. Giampietro v. McGinley, supra.
The defendants have also argued that Elizabeth Landers's loss of consortium claim is insufficient to lawfully support an award of punitive damages. As explained in Parts I and II, above, like reasoning is applicable to the issue related to derivative common law punitive damages, and the defendant must be responsible for the wrongs caused to the spouse, as well as to the primary victim, even where vicarious liability for such damages is asserted. Here, the logic of Champagne v.Raybestos-Manhattan, Inc., supra, is most pertinent. In Champagne, where the spouse's physical injuries had been caused by the corporate conduct of the defendant-manufacturer of defective asbestos-related products, the Supreme Court approved the award of punitive damages for the administratrix-wife's loss of consortium. Champagne v.Raybestos-Manhattan, Inc., supra, 214 Conn. 564. As in Champagne, the wife in this matter has presented a separate, but derivative claim for loss of consortium, a loss that she has alleged to have been caused by the negligent misconduct of the defendant Schwartz. "The individual plaintiff [wife] is in this case as a direct result of the defendant's conduct toward her [husband] and is in the exercise of her individual rights in a cause of action, separate from that of the [plaintiff husband's]." Id., 565. Even as Gary Landers is entitled to common law CT Page 11321 punitive damages, should he prevail in this matter, so should Elizabeth Landers be entitled to collect her punitive damages, based upon her "personal injury" as derived from the physical harm suffered by her husband.[19]
In support of their motion to strike the Fourth and Sixth Counts, the defendants raise their final argument, asserting that these Counts must fail as the underlying Third and Fifth Counts are legally inadequate. As the court has denied the motion strike as to the Third and Fifth Counts, finding them to be sufficient at law, this second aspect of the defendants' final argument must fail, as well.
WHEREFORE, the defendant's joint motion to strike Counts three, four, five and six of the plaintiff's complaint dated January 3, 2000, and the corresponding claims of relief (#102) is hereby DENIED.
BY THE COURT,
N. Rubinow, J.