[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, Margery Marks and Charles Marks, brought this action arising out of a motor vehicle accident against the defendants, U.B. CT Page 13795 Leasing Vehicle, Inc. and Christine W. Nichols and William A. Nichols. The plaintiffs allege that as Margery Marks, a pedestrian, was crossing Mason Street in Greenwich, on April 20, 1999, Christine Nichols, who was driving a vehicle owned by the defendant, U.B. Leasing Vehicle, Inc., exited a parking lot on the west side of Mason Street in her motor vehicle and crashed into Margery Marks. The plaintiffs further allege that the collision caused Margery Marks to be hurled backwards approximately six feet and to impact with the roadway surface with great force and violence. The plaintiffs contend that as a result of the collision and crash, Margery Marks suffered injuries. In their four count complaint, the plaintiffs assert the following causes of action: (1) negligence; (2) loss of consortium by Charles Marks based on the defendants' alleged negligent acts; (3) reckless conduct in violation of General Statutes §§ 14-218a and/or 222;[1] and (4) loss of consortium by Charles Marks based on the defendants' alleged reckless conduct.[2]
The defendants have moved (#114) to strike count four of the plaintiffs' complaint, as well as the corresponding prayer for relief, on the ground that when selling forth a loss of consortium claim the plaintiffs may not seek enhanced damages pursuant to General Statutes § 14-295.
"Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint . . . that party may do so by filing a motion to strike." Practice Book § 10-39(a); see alsoPeter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "A motion to strike admits all facts well pleaded."Parsons v. United Technologies Corp., 243 Conn. 66, 68, 700 A.2d 655
(1997). The court "[must . . . take the facts to be those alleged in the complaint . . . and . . . construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Eskin v. Castiglia, 253 Conn. 516, 522-523, 753 A.2d 927
(2000). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged."Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215,618 A.2d 25 (1992).
The defendants argue that a loss of consortium claim is not a personal injury and, moreover, that General Statutes § 14-295 does not specifically state that it applies to loss of consortium claims. Consequently, the defendants contend that double or treble damages under General Statutes § 14-295[3] is not permitted and, therefore, Charles Marks' loss of consortium claim is legally insufficient. The plaintiffs respond that the Connecticut Supreme Court in Izzo v. ColonialPenn Ins. Co., 203 Conn. 305, 524 A.2d 641 (1987), held that a loss of CT Page 13796 consortium claim constitutes a personal injury. The plaintiffs argue, therefore, that they may seek relief under General Statutes § 14-295
for Charles Marks' loss of consortium claim and that, consequently, count four of their complaint is legally sufficient.
The recent case of Musorofiti v. Vlcek, 65 Conn. App. 365, ___ A.2d ___ (2001), discusses a loss of consortium claim at some length and defines such a claim as one that involves "the loss of services, financial support, and the variety of intangible relations that exist between spouses living together in marriage." (Citations omitted; internal quotation marks omitted.) Id., 372. The case, however, does not answer the issue of whether enhanced General Statutes § 14-295 damages may apply to a loss of consortium claim, and there is no appellate authority that addresses the question.
There is a decided split of opinion in the Superior Court as to whether double and treble damages are proper under General Statutes § 14-295
for a loss of consortium claim. The first line of cases, relied on by the defendants, holds that a derivative loss of consortium claim is not a personal injury and therefore, as a loss of consortium claim is not specifically provided for in the statute, relief under General Statutes § 14-295 is unavailable. See, for example, Harper v. J.B. HuntTransport, Superior Court, judicial district of Waterbury, Docket No. 130664 (August 19, 1996, Sullivan, J.). This case held that General Statutes § 14-295 is penal in nature and must therefore be strictly construed.
The second line of cases, relied on by the plaintiffs, holds that a loss of consortium claim constitutes a "personal injury" within the meaning of General Statutes § 14-295. For example, see Landers v.Schwartz Superior Court, judicial district of Hartford, Docket No. 595398 (September 19, 2000, Rubinow, J.) (28 Conn. L. Rptr. 147). The court reasoned in that case that the defendants had "failed to establish the existence of any logical or conceptual barrier to the imposition of [statutory double or treble] damages on a consortium Count, especially because the nature of the defendant's conduct was a wrong not only to the [victim] . . . but also to his . . . spouse." These decisions primarily rely upon Izzo v. Colonial Penn Ins. Co., supra, 203 Conn. 305. The court in Izzo found that "the term "personal injury' is broad enough to encompass a claim for injury which is personal to the claimant, although flowing from the physical injury of another." Id., 313. Furthermore, theIzzo court found that a loss of consortium claim is considered a "personal injury." Id.
This court is persuaded by the Izzo court's reasoning as well as the decisions that follow Izzo and, therefore, finds that count four of the CT Page 13797 plaintiffs' complaint, as well as the corresponding prayer for relief, should not be stricken. Accordingly, the defendants' motion to strike is denied.
Dated at Stamford, Connecticut, this 1st day of October, 2001.
William B. Lewis, Judge T.R.