[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION TO STRIKE
The issue before the court is whether the provisions of General Statutes § 14-295 are applicable to claims for loss of consortium and, specifically, whether the defendants' motion to strike counts eleven and twelve of the plaintiffs' amended complaint should be granted.
 FACTS
This action arises out of a motor vehicle accident between the plaintiff. Wilfredo Velez, and the defendant, Eric Panetta, on June 23, 1999. The plaintiffs, Wilfredo Velez. Carmen Villaneuva and Wendy Velez, allege that they were injured when a vehicle, operated by Panetta and owned by the defendant Red Barn Radiator, collided with the vehicle being operated by Wilfredo Velez.[1]
The plaintiffs filed a six count complaint on February 20, 2001, alleging negligence and loss of consortium. Subsequently, the plaintiffs filed an amended twelve count complaint on May 21, 2001, alleging negligence (counts one through four), loss of consortium based on negligence (counts five and six), recklessness (counts seven through ten) and loss of consortium based on recklessness (counts eleven and twelve).[2]
The defendants now move to strike counts eleven and twelve of the plaintiffs' amended complaint on the ground that the provisions of General Statutes § 14-295 are not applicable to claims for loss of CT Page 15300 consortium.
 DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim on which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 820, 825, 676 A.2d 357 (1996). "If facts provable under the allegations would support a defense or a cause of action, the motion to strike must be denied." RK Constructors, Inc.v. Fusco Corp., 231 Conn. 381, 384, 650 A.2d 153 (1994). "The court must construe the facts in the complaint most favorably to the plaintiff" (Internal quotation marks omitted.) Waters v. Autuori, supra,236 Conn. 825.
The defendants argue that loss of consortium is not a personal injury, but rather a loss of spousal relationship and, therefore, is not subject to the double or treble damages provision under General Statutes §14-295.
Section 14-295 provides that "[i]n any civil action to recover damages resulting from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle . . . and that such violation was a substantial factor in causing such injury, death or damage to property." (Emphasis added.)
The Supreme and Appellate Courts "have not yet specifically articulated the standard of law which governs the applicability of punitive or statutory damages to loss of consortium claims based either on common law recklessness or accessed through General Statutes § 14-295." Landersv. Schwartz, Superior Court, judicial district of Hartford, Docket No. 595398 (September 19, 2000, Rubinow, J.) (28 Conn. L. Rptr. 147, 152). In the insurance context, however, the Supreme Court has stated that "[a] claim of loss of consortium, although a personal injury, is not a bodily injury to the claimant." (Internal quotation marks omitted.) Izzo v.Colonial Penn Ins. Co., supra, 203 Conn. 313.
There is a split among the superior court judges on the issue of whether a loss of consortium claim is subject to the double or treble damages provision under § 14-295. Some courts rely on Izzo v.Colonial Penn Ins. Co., supra, 203 Conn. 305, and hold that an action for CT Page 15301 loss of consortium is allowed under § 14-295. See Landers v.Schwartz, supra, Superior Court, Docket No. 595398; Villatoro v. Hot LineFreight Systems, Inc., Superior Court, judicial district of Stamford, Docket No. 168914 (October 26, 1999, D'Andrea, J.); Giampietro v.McGinley, Superior Court, judicial district of New Haven, Docket No. 403111 (June 23, 1998, Moran, J.) (22 Conn. L. Rptr. 360); Paternostrov. Phelan, Superior Court, judicial district of Waterbury, Docket No. 129073 (July 12, 1996, McLachlan, J.) (17 Conn. L. Rptr. 320).
Other Superior Court decisions hold that loss of consortium is not actionable under § 14-295. See Vilardo v. Raver, Superior Court, judicial district of Waterbury, Docket No. 131385 (July 11, 1996,Sullivan, J.) (17 Conn. L. Rptr. 321, 322) (holding that § 14-295
"must be strictly construed and cannot be enlarged by judicial interpretation to be made applicable to loss of consortium claims");Harper v. J.B. Hunt Transport, Superior Court, judicial district of Waterbury, Docket No. 130664 (August 19, 1996, Sullivan, J.) (same); Bealv. Cholewa, Superior Court, judicial district of New London at New London, Docket No. 535842 (November 8, 1995, Hurley, J.) (holding that loss of consortium is not a personal injury but, rather, a derivative claim not specifically provided for by § 14-295).
This court finds the former line of cases to be more persuasive. "[P]rinciples of statutory construction require that technical words and phrases such as `personal injury' be given their peculiar and appropriate meaning in law." Villatoro v. Hot Line Freight Systems, Inc., supra, Superior Court, Docket No. 168914. "[T]he term loss of consortium is a personal injury as defined by the Connecticut Supreme Court. An action for loss of consortium is, therefore, sustainable under General Statutes § 14-295." Id. Accordingly, the court denies the defendants' motion to strike counts eleven and twelve of the plaintiffs' amended complaint.
CHASE T. ROGERS SUPERIOR COURT JUDGE