[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#107)
On August 15, 2001, the plaintiff, Rosa Alves, filed an amended complaint against the defendants, Kenneth Brown (Brown) and Giovanni Construction Design, Inc. (Giovanni) The plaintiff alleges the following facts in her complaint. On or about June 14, 1999, the plaintiff was injured in a collision between the motor vehicle she was operating and the motor vehicle Brown was operating. She alleges that Giovanni owns the motor vehicle that Brown was operating, and that Brown was an agent, servant or employee of Giovanni, and was operating the vehicle within the course and scope of his employment, or was using the vehicle with Giovanni's permission.
The revised complaint contains four counts. The first count alleges a claim of negligence against Brown. The second count alleges a claim of CT Page 2060 recklessness against Brown. The third count asserts a claim of vicarious liability against Giovanni for the negligence of Brown as Giovanni's agent, servant and employee. The fourth count alleges a claim vicarious liability against Giovanni for the deliberate and reckless conduct of Brown as Giovanni's agent, servant and employee, or as a permissive user of Giovanni's vehicle. In addition, in the plaintiff's prayer for relief she requests statutory punitive damages pursuant to General Statute § 14-295.
On August 28, 2001, the defendants filed a motion to strike (#107) as to the second and the fourth counts of the revised complaint and a memorandum in support thereof. The defendants argue that the second count is legally insufficient because the plaintiff has not pleaded sufficient facts to support a cause of action for recklessness. The defendants further argue that the fourth count is legally insufficient because Connecticut does not permit vicarious liability for punitive damages, and that imposing vicarious liability for punitive damages violates the due process and equal protection clauses of both the United States and Connecticut constitutions. On September 4, 2001, the plaintiff filed an objection in which she maintains that she has adequately pleaded a cause of action for recklessness against Brown pursuant to General Statutes § 14-295. The plaintiff subsequently filed an additional memorandum dated September 13, 2001, in which she argues that imposition of vicarious liability for punitive damages on a non-operator owner of a motor vehicle is appropriate pursuant to General Statutes § 52-183.
In count two, the plaintiff alleges that Brown "deliberately and/or with reckless disregard operated his [motor vehicle] at an unreasonable, improper, and excessive rate of speed and/or a reckless rate of speed . . . in violation of Section 14-218a and/or Section 14-222 . . . which was a substantial factor in causing the Plaintiff's injuries in reckless disregard for the Plaintiff's safety." As to the second count, the defendants argue that the plaintiff has not pleaded sufficient facts to support a claim of reckless violation of one of the statutes enumerated in § 14-295. The plaintiff responds that § 14-295 does not require a plaintiff to allege facts sufficient to support a claim for common law recklessness, and only requires a plaintiff to allege that the defendant intentionally or recklessly violated one of the statutes in enumerated § 14-295.
General Statutes § 14-295 provides, in relevant part: "In any civil action to recover damages resulting from personal injury . . . the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section 14-218a, 14-219,14-222 . . . and that such violation was a substantial factor in causing CT Page 2061 such injury. . . ."[1] Section 14-295 is silent as to what facts a plaintiff must plead to support a claim in recklessness.
"The Connecticut Supreme and Appellate courts have not addressed the issue of whether a plaintiff must plead facts supporting a claim of reckless conduct in addition to pleading one of the specific violations to which General Statutes § 14-295 refers. A split of authority exists among the judges of the Superior Court regarding the pleading requirements of § 14-295. Walters v. Tanner, Superior Court, judicial district of New London at New London, Docket No. 549835 (November 15, 1999, Martin, J.).
"In one line of cases, the court interprets § 14-295 to require that a plaintiff must, in addition to pleading a statutory violation of § 14-295, also plead specific facts to support a common law cause of action for recklessness. See e.g., Chatterton v. Infinity Ins. Co., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 64615 (October 1, 1999, Arnold, J.) and cases cited therein. In these cases, the court generally reasons that a plaintiff who is alleging recklessness `must use explicit language that informs both the court and the defendant what conduct is relied upon.' Fisher v. Irby, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 309622 (February 1, 1994, Ballen, J.). In the second line of cases, the court, employing the principles of statutory construction, reads the language of § 14-295 literally and only requires that a plaintiff allege that the defendant violated one of the enumerated statutes deliberately or with reckless disregard, and that the violation was a substantial factor in causing the plaintiff's injuries. See e.g. Walters v. Tanner, supra, Superior Court, Docket No. 549835 and cases cited therein." Donaldson v.Transalliance, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 364836 (February 27, 2001, Rush, J.). In Donaldsonv. Transalliance, Inc. this court held that it is in agreement with the reasoning in the latter line of cases. The plaintiff in this case has adequately pleaded recklessness and causation with sufficient notice of the conduct giving rise to the claim and the Motion to Strike the Second Count of the Complaint is denied.
The defendants' motion to strike the plaintiff's fourth count raises the issue of whether Giovanni, as the non-operator owner of the motor vehicle, can be held liable for double or treble damages pursuant to General Statutes §§ 14-295 and 52-183 for Brown's alleged reckless operation of Giovanni's motor vehicle/[2] This issue has not been determined by the Connecticut Supreme or Appellate courts. There is also a split of authority among the trial courts on this issue. Jennings v.Vega, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 174082 (November 20, 2000, D'Andrea, J.) (29 Conn.L.Rptr. CT Page 2062 87, 89).
Connecticut courts have long held that there is ordinarily no vicarious liable for punitive damages. Maisenbacker v. Society of Concordia,71 Conn. 369, 379, 42 A. 67 (1899); see also Gionfriddo v. Avis Rent ACar Systems, Inc., 192 Conn. 280, 288, 472 A.2d 306 (1984). A principal, however, is liable for compensatory damages for the actions of his agent, servant or employee. Maisenbacker v. Society of Concordia, supra,71 Conn. 379.
The issue then is whether § 52-183 abrogates the common law rule of this state against imposing liability vicariously for punitive damages. Section 52-183 provides: "In any civil action brought against the owner of a motor vehicle to recover damages for the negligent or reckless operation of the motor vehicle, the operator, if he is other than the owner of the motor vehicle, shall be presumed to be the agent and servant of the owner of the motor vehicle and operating it in the course of his employment."
Thus, section 52-183 does not explicitly permit the imposition of punitive damages on the non-operator owner of a motor vehicle. The courts that have held that § 52-183 permits the imposition of such damages "have determined either that the language of § 52-183 raises a presumption that the owner is liable for the reckless operation of the vehicle by its operator, or that the court's interpretation of the liability of lessors [for punitive damages] under General Statutes §15-154a in Gionfriddo v. Avis Rent A Car System, Inc., supra,192 Conn. 288-89, is analogous to situations involving the liability of owners of motor vehicles. See Bonitto v. Oppel, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 156855 (July 14, 1997, Karazin, J.) (20 Conn.L.Rptr. 202, 203). . . ." Jennings v.Vega, supra, 29 Conn.L.Rptr. 90. These courts have reasoned that the inclusion of the word reckless in § 52-183 expresses the legislature's intent to permit the award of these damages. Lockwood v.Gorski, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 133309 (May 6, 1994, Mottolese, J.). "In the second line of cases, when such claims have not been permitted, the courts have distinguished Gionfriddo in that the language in § 14-154a
specifically imposes liability on the lessor `to the same extent as the operator,' while §§ 14-295 and 52-183 do not contain such language. See, e.g. Carta v. Cohn, Superior Court, judicial district of New Haven at Meriden, Docket No. 262531 (January 12, 1999, Dorsey, J.T.R.). . . ."Jennings v. Vega, supra, Conn.L.Rptr. 90. These courts have reasoned that the legislature has not expressly abrogated the common law rule against imposing vicarious liability for punitive damages. Silva v.Arroyo, judicial district of New London at New London, Docket No. 537532 CT Page 2063 (June 26, 1996, Austin, J.) (17 Conn.L.Rptr. 306, 308).
"It is an established rule of statutory construction that statutes are not readily interpreted as abrogating common-law rights." (Internal quotation marks omitted.) Castagno v. Wholean, 239 Conn. 336, 344,684 A.2d 1181 (1996). The process of statutory interpretation involves a reasoned search for the intention of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of this case. . . . In seeking to determine that meaning, we look to the words of the statute itself, to the legislative history and circumstances surrounding its enactment, to the legislative policy it was designed to implement, and to its relationship to existing legislation and common law principles governing the same general subject matter. . . . In construing a statute, common sense must be used and courts must assume that a reasonable and rational result was intended." (Citations omitted; internal quotation marks omitted.) Modern Cigarette, Inc. v. Orange, 256 Conn. 105, 120,774 A.2d 969 (2001).
The line of cases holding that § 52-183 does not permit the imposition of punitive damages is more persuasive. First, the legislative intent in enacting § 52-183 was to create a rebutable presumption that the operator of a motor vehicle was agent, servant or employee of the owner of the motor vehicle. Little v. Bonesse, Superior Court, judicial district of New Haven at New Haven, Docket No. 427368 (July 5, 2000, Levin, J.) (27 Conn.L.Rptr. 458, 461). In Little v. Bonesse, the court reviewed Gionfriddo v. Avis Rent A Car Systems, Inc., supra,192 Conn. 280, wherein the court held that § 14-154a permits the imposition of punitive damages upon the non-operator owner-lessor of a leased motor vehicle, because the statute expressly provides: "Any person renting or leasing to another any motor vehicle owned by him shall be liable for any damage to any person or property caused by the operation of such motor vehicle while so rented or leased, to the same extent as the operator would have been liable if he had also been the owner." "[B]y virtue of the express terms of the statute the owner lessor is made the alter ego of the operator so that the latter's acts with respect to the operation of the car . . . are in law the acts of the owner-lessor." (Internal quotation marks omitted.) Gionfriddo v. Avis Rent A CarSystems, Inc., supra, 192 Conn. 285.
In Little v. Bonesse, however, the court noted that the language of § 14-154a and § 52-183 differ materially. Little v. Bonesse, supra, 27 Conn.L.Rptr. 460. Section § 52-183 states that the nonowner operator of a motor vehicle "shall be presumed to be the agent and servant of the owner . . . and operating it within the scope of his employment." The language of § 14-154a is much broader and clearly CT Page 2064 states that the owner of a leased vehicle will be liable "to the same extent as the operator. . . ." The language of § 52-183, however, only makes the owner liable for the operator's actions as if the operator was the owner's agent or servant. Because principals are not ordinarily liable for punitive damages for the actions of there agents or servants;Maisenbacker v. Society Concordia, supra, 71 Conn. 379; in enacting § 52-183 the legislature has not clearly stated its intent to abrogate the long standing common law rule against imposing vicarious liability for punitive damages.
In addition, permitting the imposition of vicarious liability for punitive damages does not further legislative policy of permitting punitive damages in specific instances, i.e., to act as a deterrent to socially destructive behavior. Lenz v. CNA Assurance Co.,42 Conn. Sup. 514, 515, 630 A.2d 1082 (1993) ("[CUTPA} allows for punitive damages based on a theory of deterrence, whereas the common law premise of such an award is compensation."); see also Lyte v. Kane, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 063138 (August 25, 1998, Flynn, J.) (23 Conn.L.Rptr. 136, 137) ("The purpose of statutory punitive damages is to deter egregious conduct."). Imposing liability for double or treble damages on the non-operator owner of a motor vehicle will not further the legislative policy of deterring socially destructive behavior, because it is the reckless behavior of the operator that ought to be deterred, not the behavior of the non-operator owner.
Section 52-183 does not permit the imposition of vicarious liability for punitive damages on a non-operator owner of a motor vehicle for two reasons. First, in enacting § 52-183 the legislature did not clearly express its intent to abrogate the long standing common law rule against imposing vicarious liability for punitive damages. Second, the imposition of vicarious liability for punitive damages on non-operating owners would not serve the legislative purpose of punitive damages.
Accordingly, the Motion to Strike the Second Count is denied and granted as to the Fourth Count.
RUSH, J.