[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action brought by the plaintiff, Albert P. Lenge, an attorney-at-law, against the defendants, Arnold L. Beizer, also an attorney, and two limited liability companies formed and owned by Beizer known as 429 Capitol Avenue Realty LLC and Law Offices of Arnold Beizer LLC.
The background of this lawsuit is that the plaintiff was an attorney employed at the defendant Beizer's law offices. The plaintiff was discharged by Beizer after the plaintiff wrote a letter on behalf of a discharged employee of Beizer's law firm in a legal dispute with Beizer.
Subsequently, a complaint by the plaintiff with the Department of Labor resulted in an award to the plaintiff which award ultimately became a judgment, and on appeal, upheld in the plaintiffs favor. See Beizer v.Dept. of Labor, 56 Conn. App. 347 (2000).
Although the court's file indicates that a default was entered against 429 Capital Avenue Realty, LLC on May 23, 2001, there seems to be some confusion as to whether the default was, in fact, reopened. This court will consider the complaint against these defendants on the merits of the plaintiff's claims.
The complaint is in six counts as follows:
1. Count One is a suit on the judgment previously obtained in this court by the plaintiff against Beizer individually. In this count the plaintiff seeks damages and certain other relief pursuant to this judgment.
Although the defendants claim that the plaintiff has no basis to sue on the previous judgment, this court finds no authority for such a claim. Therefore, the only issue in this count which has not been previously adjudicated is the liability of the LLCs against which the plaintiff CT Page 15334-jc claims he is entitled to by operation of law.
Partial summary judgment has previously been entered by the court against Beizer individually in the amount of $46,603.50 plus interest at the rate of ten percent per annum from 10/9/01 until paid (Rittenband, J.).
The evidence presented is undisputed that during the course of the litigation between Lenge and Beizer (approximately at the time Beizer's appeal was argued before the Appellate Court), Beizer transferred his building and law practice to the LLCs, (October 25, 1999).
Our Supreme Court has held that "where a sole proprietorship converts to a limited liability company, all of the interests and obligations incurred by, or chargeable against, the sole proprietorship or its assets are transferred to the limited liability company by operation of law (emphasis added). Moreover, like the general partners in a converting general or limited partnership the sole proprietor retains personal liability for all pre-conversion debts and obligations incurred by the sole proprietorship." C J Builders Remodelers, LLC v.Geisenheimer, 249 Conn. 415, 422 (1999).
Thus, the Supreme Court has made it unmistakenly clear that quite apart from any action by the plaintiff in this case, once Beizer transferred his building and law practice to the LLCs they also became liable to the plaintiff for Beizer's obligations to him.
The court therefore finds for the plaintiff against both Limited Liability companies as well as Beizer in Count One.
2. Counts Two and Four allege statutory fraudulent conveyance against the three defendants.
The Uniform Fraudulent Conveyance Act has been codified as General Statutes §§ 52-552, et seq. A transfer fraudulent as to creditors is defined in § 52-552e (a) (1) "with actual intent to hinder, delay or defraud any creditor of the debtor."
The factors relevant to this case that the court may consider, among others, are articulated in Section (b) as follows: "(1) the transfer or obligation was to an insider; (2) the debtor retained possession or control of the property transferred after the transfer . . . (4) before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit; (5) the transfer was of substantially all the debtor's assets; . . . (8) the value of the consideration received by CT Page 15334-jd the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred, . . . (10) the transfer occurred shortly before or shortly after a substantial debt was incurred . . ."
From the evidence adduced at trial, this court is satisfied that the plaintiff has proven by clear, precise and unequivocal evidence that the transfers by Beizer to the LLCs were made with intent to defraud the plaintiff and violated our Uniform Fraudulent Conveyance Act. SeeLitchfield Asset Management Corp. v. Howell, 70 Conn. App. 133, 141
(2002).
The factual predicate for this finding of fraudulent transfer is the following:
a. Beizer admitted that one of the reasons he formed the LLCs was because of his concern that lawsuits would be initiated against him by people claiming to have been injured on his property;
b. The plaintiff had already obtained an award from the Department of Labor, and a court judgment against Beizer which, on appeal, was before the Appellate Court when the LLCs were formed and transfers made;
c. The transfers were made to an insider, namely Beizer, who solely owned and controlled the LLCs;
d. Beizer retained possession (and control) of both properties;
e. The transfers were of substantially all of Beizer's attachable assets;
f. Beizer became the owner of both LLCs which interests were the equivalent of their value in personal property. General Statutes §34-168. (A limited liability company membership is personal property);
g. The transfers occurred shortly after the debt was incurred.
The court therefore finds in favor of the plaintiff on Counts Two and Four.
3. Counts Three and Five allege common law fraudulent conveyance against the three defendants.
The common law of fraudulent conveyances is basically identical to the statute previously discussed with some variation. The common law remedy CT Page 15334-je still exists. White v. Amenta, 110 Conn. 314, 318-19 (1930). Under the common law, a conveyance is fraudulent if made with actual intent to avoid any debt or duty. Town Bank Trust Co. v. Benson, 176 Conn. 304,307 (1978).
As previously discussed above under Counts Two and Four, this court similarly finds under the same standard, that the defendant, Beizer and the LLCs have committed common law fraudulent transfers as to the plaintiff because they were made with the intent to avoid payment of the plaintiff's debt.
4. Count Six alleges a violation by the defendant Beizer of the Connecticut Unfair Trade Practices Act.
The genesis of this claim is Beizer's alleged fraudulent transfers of both his real property and his law practice to limited liability companies. This court has already found in favor of the plaintiff as to these transfers under both statutory and common law.
The issue presented here is therefore whether these fraudulent transfers violated the provisions of the Connecticut Unfair Trade Practices Act.
General Statutes § 42-110g (a) provides, in part, that "[a]ny person who suffers any ascertainable loss of money or property real or personal, as a result of the use or employment of a method, act or practice prohibited by Section 42-110b may bring an action . . . to recover actual damages." General Statutes § 42-110b (a) provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce."
Our Supreme Court has articulated a standard to determine whether or not a practice constitutes an unfair or deceptive act. This standard was reiterated in Hartford Electric Supply Co. v. Allen-Bradley Co.,250 Conn. 334 (1999). In that case, the court opined:
 "It is well settled that in determining whether a practice violates CUTPA we have adopted the criteria set out in the `cigarette rule'fn30 by the federal trade commission for determining when a practice is unfair: (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — in other words, it is within at least the CT Page 15334-jf penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers, [competitors or other businesspersons]. . . . All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." (Internal quotations marks omitted.) Willow Springs Condominium Assn., Inc. v. Seventh BRT Development Corp., 245 Conn. 43. Moreover, this court has set forth a three part test for satisfying the substantial injury criterion: "[1] [the injury] must be substantial; [2] it must not be outweighed by any countervailing benefits to consumers or competition that the practice produces; and [3] it must be an injury that consumers themselves could not reasonably have avoided."
Beizer first contends that he did not commit a violation of CUTPA because the transfers by him were not "while he was engaged in trade or commerce" pursuant to General Statutes § 42-110 (4) He claims the transfers of his law practice and real estate to LLCs were not part of his principal business, i.e. the practice of law. He cites several Superior Court cases which he claims support his position. See Barnes v.General Electric Co., CV 93-052-93-54 (1995), Hennessey, J.; Feenv. Benefit Plan Administrators, CV 97-0406726 (1999), Devlin, J.;Visconti v. Pepper Partners, CV 99-0065717 (2000), Curran, J.
Beizer also cites Arawana Mills Co. v. United Technologies Corp.,795 F. Sup. 1238. That case held that United Technologies, which was in the business of building aircraft engines, was not involved in its "trade or commerce" when it engaged in waste disposal at a particular site.
It is true that the cases cited by Beizer held that conduct collateral to one's business is, in general, not considered "engaging in trade or commerce" under the statute.
While this court may or may not agree with such a proposition, that case and those cited by Beizer are inapposite to the present case.
In this case, the conduct complained of by the plaintiff is that of fraud, i.e. that the fraudulent transfers committed by Beizer were in violation of the statute by their very nature. Some Superior Court CT Page 15334-jg decisions have, in fact, held that a fraudulent transfer is itself a violation of CUTPA. GICC Capital v. Technology Finance Group, Inc., CV 97-0159419 (1998), Lewis, J. Chrysler Credit Corp. v. Berman, CV 0057971 (1993), Pickett, J.
Beizer also claims that he committed no CUTPA violation because the plaintiff's action is an employer-employee dispute exempt from CUTPA.
It is true that an employer-employee relationship is generally not considered "trade or commerce" under General Statutes § 42-110b (a).Quimby v. Kimberly Clark Corp., 28 Conn. App. 660 (1992).
Our Appellate Court has held that while an employer-employee relationship on its face is exempt as trade or commerce within §42-110b (a). Muniz v. Kraus, 59 Conn. App. 704, 711 (2000); Quimby, supra.
However, our Supreme Court has held that even in an employer-employee relationship, if the alleged activities were outside the scope of that relationship (in that case anti-competitive activities), such a practice violated CUTPA. Larsen Chelsey Realty Co. v. Larsen, 232 Conn. 480, 494
(1995). Since the evidence in this case involves conduct occurring outside the confines of the employment relationship, i.e. the fraudulent transfer post judgment, there would be no CUPTA exemption and it would come within the parameter of Larsen and therefore satisfy the "trade or commerce" requirement of the statute.
The defendant, Beizer has also alluded to a claimed exemption from CUTPA under the rule that an attorney's conduct in the practice of law is exempt from CUPTA for public policy reasons. However, the Supreme Court has stated "that the entrepreneurial aspects of the practice of law are covered by CUTPA." Haynes v. Yale-New Haven Hospital, 243 Conn. 17, 34
(1997).
In this case, the tortious conduct of Beizer in making the transfers was conduct outside the protection afforded him under Haynes. The evidence in this case clearly demonstrates that Beizer's actions involved the entrepreneurial and commercial aspects of the practice of law and therefore permit this CUTPA claim. See also Suffield DevelopmentAssociates Limited Partnership v. National Loan Investors, L.P.,64 Conn. App. 192, 207-208 (2001).
This court holds that the defendant Beizer has violated the provisions of the Connecticut Unfair Trade Practices Act, General Statutes §§ 42-110, et. seq. and finds for the plaintiff on the Sixth Count. CT Page 15334-jh
 DAMAGES AND ORDERS
Count One — against all three defendants, compensatory damages:
a) $46,603.50 (entered in summary judgment order on October 9, 1991);
b) interest at $12.945 per day from October 9, 2001 to the date of this judgment, 442 days, $5,721.87 (to December 30, 2002).
Counts 2, 3, 4 and 5 — Fraudulent transfer against all three defendants:
The transfers by the defendant Beizer to the defendants 429 Capitol Avenue Realty LLC and Law Offices of Arnold Beizer LLC are set aside and declared null and void pursuant to this judgment.
Count Six — Violation of CUTPA as to Beizer only
1. Plaintiff is awarded compensatory damages in accordance with the award under Count One;
2. Punitive Damages. The court is charged with considering whether or not to award punitive damages pursuant to General Statutes §42-110g (a).
Our Supreme Court has articulated a standard for the court's guidance in making this determination. That standard is that the court may award punitive damages under CUTPA if it finds that the defendant's conduct was recklessly indifferent to the rights of others. Gargano v. Heyman,203 Conn. 616, 622 (1987).
The court finds that the defendant Beizer's actions in making the fraudulent transfers were, in fact, recklessly indifferent to the rights of the plaintiff.
An evidentiary hearing will be held to determine the appropriate amount of such damages. Inasmuch as the statutory provision for punitive damages is based on a theory of deterrence, the financial status of the defendant becomes relevant and material and will be a factor considered by the court. See Bailey Employment System, Inc. v. Hahn, 545 F. sup. 62, 73 (D. Conn. 1982); Levy v. CNA Assurance Co., 42 Conn. Sup. 514 (1993).
3. Attorney's Fees. CT Page 15334-ji
General Statutes § 42-110g (d) provides that a court may award attorney's fees to a plaintiff who establishes a CUTPA violation.
The attorney's fees so awarded shall be "based on the work reasonably performed by an attorney and not on the amount of recovery." Jacques AllTrades Corp. v. Brown, 57 Conn. App. 189, 196-197 (2000). See also LarsenChelsey Realty Co. v. Larsen, supra, 509.
The statutory violation having been established, attorney's fees may be so awarded at a post judgment evidentiary hearing.
 ADDITIONAL ORDERS 
1. Costs are awarded to the plaintiff pursuant to statute.
2. Counsel for the plaintiff is to prepare a judgment lien suitable for recording so as to ensure proper notice of this judgment on the land records.
3. The defendants are further enjoined from transferring any property, real or personal, and any of the ownership interests in the defendant LLCs until this judgment has been satisfied.
4. Upon the initiation of any action to enforce this judgment either by levy of execution or foreclosure, or other lawsuit, on motion, a receiver may be appointed to administer the property of the defendant LLCs.
5. Upon application, executions may issue against any and all defendants upon their assets or proceeds of transfers made by the defendants in violation of this judgment.
6. The plaintiff may apply to the court for any further relief he deems necessary to achieve the orders pursuant to this judgment.
 ___________________ Freed, J.
CT Page 15335